**UNREDACTED VERSION FILED UNDER SEAL**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

Josip Martinovic,

                      Debtor.
-------------------------------------------------------------X
Josip Martinovic,

                      Plaintiff,

   against

Discover Bank, SoFi Lending Corp/SoFi
Alternative Trust 2018A, and Education
Management Credit Corp/Nelnet/
Department of Education,

                      Defendants.
-------------------------------------------------------------X

Chapter 7

Case No.: 8-20-70807-las

Adv. Pro. No.: 8-20-08029-las

**MEMORANDUM DECISION AND ORDER DENYING CROSS-MOTIONS
FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND
REOPENING DISCOVERY FOR LIMITED PURPOSE**

In this adversary proceeding, *pro se* plaintiff Josip Martinovic seeks a determination that his student loan debt to defendants is dischargeable under 11 U.S.C. § 523(a)(8).[1] That section excepts student loan debt from discharge "unless excepting such debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). Plaintiff asserts that he satisfies the three-prong test set forth by the Second Circuit Court of Appeals in *Brunner v. N.Y. Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987) for determining the existence of "undue hardship" thus establishing that his student loan debt is dischargeable. Under the *Brunner* test, to prevail on his claim that

---

[1] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)."

1

repayment of his student loan obligations would impose an "undue hardship" on him and his dependents, plaintiff must show: (1) that he cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this current state of affairs is likely to persist for a significant portion of the repayment period; and (3) that he has made good faith efforts to repay the loans. *Brunner*, 831 F.2d at 396. Additionally, under existing Second Circuit precedent, plaintiff bears the burden of proving each element of the *Brunner* test by a preponderance of the evidence. *See In re Tingling*, 990 F.3d 304, 309 n.14 (2d Cir. 2021).

The Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334 and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) in which final orders or judgment may be entered by this Court pursuant to 28 U.S.C. § 157(b)(1).

Now pending before the Court are (i) the motion for summary judgment of defendant SoFi Lending Corporation ("SoFi"), and (ii) plaintiff's cross-motion for summary judgment, both seeking judgment in their favor on the central question of whether plaintiff has established "undue hardship" such that his student loan debt to SoFi is dischargeable under § 523(a)(8). SoFi also asks this Court to disregard certain portions of (a) plaintiff's responses and objections to SoFi's Local Bankruptcy Rule 7056-1 statement of undisputed facts and requests that the facts set forth in its statement of undisputed facts be deemed admitted, and (b) plaintiff's Local Bankruptcy Rule 7056-1 statement of undisputed facts filed in support of his cross-motion for summary judgment, alleging in each instance that plaintiff has failed to comply with the requirements of Local Bankruptcy Rule 7056-1.

Additionally, SoFi asks this Court to exclude evidence on the basis that certain information and the witness statement referenced in plaintiff's moving and opposing papers were not disclosed by plaintiff as required by Federal Rules of Civil Procedure 26(a) and (e).[2] Although SoFi did not specifically seek a preclusion order under Federal Rules of Civil Procedure 37(c)(1),[3] the Court construes this request by SoFi as a request for a ruling under Rule 37(c)(1) that plaintiff is prevented from using as evidence the information and the testimony of any witness that have not been disclosed under Rule 26(a) and (e). *See* Fed. R. Civ. P. 37(c)(1). It is this request by SoFi that the Court addresses in this decision for it goes to the heart of the second prong of the *Brunner* test, i.e., that additional circumstances exist such that plaintiff's alleged financial difficulties are likely to continue for a significant portion of the repayment period. Excluding the evidence is arguably tantamount to a dismissal of plaintiff's claim that his current situation is likely to persist well into the future and negatively impacts his earning capacity such that he is unable to repay his student loan debt. On the other hand, including the evidence serves to prejudice SoFi as the failure of plaintiff to disclose information required by Rule 26(a) or (e) precluded SoFi from conducting depositions and potentially offering rebuttal evidence. All on an issue that is outcome-determinative to this litigation.

In considering whether preclusion under Fed. R. Civ. P. 37(c)(1) is appropriate under the circumstances, the Court is mindful that plaintiff is proceeding *pro se* and, as such, he is afforded "special solicitude . . . particularly where motions for summary judgment are concerned." *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 37(c) advisory committee's notes to 1993

---

[2] Rule 26 is made applicable to this adversary proceeding by Bankruptcy Rule 7026.

[3] Rule 37 is made applicable to this adversary proceeding by Bankruptcy Rule 7037.

amendment ("lack of knowledge of a pro se litigant of the requirement to make disclosures" considered when determining whether to impose sanctions for failure to make a disclosure required by Rule 26(a) and noting that exclusion "would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party").

The Court has considered the submissions of both parties carefully and, for the following reasons, the dueling motions for summary judgment are denied without prejudice and discovery is reopened for the limited purpose of allowing SoFi to depose plaintiff's witness and take additional discovery as is necessary. As for the request by SoFi that the Court must disregard plaintiff's submissions as non-compliant with Local Bankruptcy Rule 7056-1 and thus deem the facts set forth in SoFi's Rule 7056-1 statement as uncontroverted, the Court will address that request should either or both parties move for summary judgment after the close of discovery.[4]

---

[4] Should neither party move for summary judgment after the close of discovery, the parties' rights to raise evidentiary issues at trial for purposes of determining admissibility is preserved, subject to any opposition that may be lodged.

PAGES 5-10 ARE REDACTED

CONCLUSION

For the foregoing reasons, the cross-motions for summary judgment are denied without prejudice and discovery is reopened for the limited purpose of allowing SoFi to conduct discovery as outlined above. The parties shall meet and confer on a deposition schedule for plaintiff's witness and the production of a report if required by Fed. R. Civ. P. 26(a)(2)(B). If the witness is one for whom no written report is required, the parties shall agree on a date by which plaintiff must make the disclosure mandated by Fed. R. Civ. P. 26(a)(2)(C). The parties shall file a joint status letter regarding discovery with the Court within 10 days of the date of this Memorandum Decision and Order.

So ordered.



**Dated: January 31, 2022**  
**Central Islip, New York**

*Louis A. Scarcella*  
**Louis A. Scarcella**  
**United States Bankruptcy Judge**